UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE M. MITCHELL,

    Petitioner,               CIVIL ACTION NO. 05-CV-40201-DT
                                   CRIMINAL ACTION 00-CR-50040-D3

    vs.

                                   DISTRICT JUDGE PAUL V. GADOLA
                                   MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF AMERICA,

    Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied as Petitioner failed to file his claim within the applicable one-year period of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

\*   \*   \*

        Petitioner, while a prisoner at the Federal Correctional Institute in Milan, Michigan, filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on June 27, 2005, alleging violations of his federal constitutional rights to due process incident to his guilty plea before United States District Court Judge Paul V. Gadola. As a result of a Rule 11 plea bargain agreement, which fully set forth the promises made by both parties,[1] the Petitioner pled guilty on March 6, 2001, to one count of distribution of

---

[1]In consideration of the plea, the parties agreed that the maximum custody sentence would not exceed 300 months. The district court later sentenced Petitioner to a term of 262 months' imprisonment on Count three of the indictment (distribution of 5 grams or more

cocaine base (5 or more grams) in violation of 21 U.S.C. § 841(a)(1). The second superceding indictment noted that Petitioner had been twice convicted of felony drug offenses (Superceding Indictment at Docket #43). Petitioner was later sentenced to the custody of the Attorney General for a term of 262 months. Petitioner filed an appeal, but the Sixth Circuit Court of Appeals on June 9, 2003, affirmed his conviction and sentence.

Petitioner asserts that he was denied the effective assistance of counsel prior to pleading guilty. He further claims that he should be re-sentenced in accordance with the recently announced Supreme Court decision in United States v.Booker, 543 U.S. __, 125 S.Ct. 738 (2005). Petitioner argues that his sentence was imposed in violation of Blakely v. Washington, 524 U.S. __, 124 S.Ct. 2531 (2004) because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in Booker, which applied the Blakely reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

The Respondent filed an answer to Petitioner's motion on September 1, 2005, contending that since Petitioner's plea agreement based conviction became final before Booker, he was not entitled to any relief because the Supreme Court explicitly provided that its holding in Booker was to be applied only to cases on direct, not collateral, review.

---

of cocaine base) . (See Transcript of Plea Agreement at Docket #81). As promised in the plea agreement, the Court dismissed 11 other counts in the superseding indictment.

Prior to the AEDPA's enactment, a federal prisoner could file a section 2255 motion at any time. United States v. Lopez, 100 F.3d 113, 116 (10th Cir. 1996). That changed, however, with the enactment of the AEDPA on April 24, 1996. Among other things, the Act amended 28 U.S.C. § 2255 to provide a one year statute of limitations for petitions brought thereunder. Specifically, section 2255 now reads in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;[2]
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2255.

---

[2]The United States Supreme Court has defined a federal conviction as being final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987) (citing United States v. Johnson, 457 U.S. 537, 542 n. 8(1982)).

3

Since Petitioner's conviction became final at sentencing on March 6, 2001, after the effective date of the AEDPA (April 24, 1996), the one year limitation period must be applied. Since the Sixth Circuit Court of Appeals denied Petitioner's direct appeal in June 2003, the one year time frame in which to file a § 2255 motion began to run with the expiration of the 90-day certiorari period to the United States Supreme Court. Clay v. United States, 537 U.S. 522 (2003). As a result, Petitioner's one-year period for filing the instant § 2255 motion expired on September 9, 2004. By waiting until June 27, 2005, Petitioner has failed to file the instant § 2255 motion in a timely manner[3].

In his reply brief, Petitioner contends that his petition was timely because it was filed within one year from the date of the decision in Booker. As Respondent correctly pointed out, a right newly recognized by the Supreme Court must be made retroactively applicable to cases on collateral review. See § 2255 ¶6(3). The Booker Court explicitly provided that its holding was to be applied only to pending cases on direct review United States v. Booker, 125 S.Ct. at 769. The Sixth Circuit in Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005), concluded that Booker created a new rule of criminal procedure which did not apply retroactively to convictions that had become final on direct appeal. Since Petitioner's conviction became final on September 9, 2004, well before the Booker decision was announced, the instant petition was not timely and he is not entitled to sentence relief.

Accordingly, I recommend that the instant Motion to Vacate, Set Aside, or Correct Sentence be denied. The parties are advised that any objection to this Report and

---

[3] In a reply to Defendant's Motion to Dismiss, dated October 6, 2005, Petitioner conceded that his ineffective assistance of counsel claim was time barred (See p. 1 of Petitioner's Motion in Opposition to Government's Response at Docket #232).

**4**

Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.

                                             s/Donald A. Scheer
                                             DONALD A. SCHEER
                                             UNITED STATES MAGISTRATE JUDGE

DATED: November 29, 2005

_____

## CERTIFICATE OF SERVICE

        I hereby certify on November 29, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 29, 2005. **Willie M. Mitchell.**

                                             s/Michael E. Lang
                                             Deputy Clerk to
                                             Magistrate Judge Donald A. Scheer
                                             (313) 234-5217